```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | |
|---|---|
| D.D., | |
| Plaintiff, | Civil No. 18-13506(RMB/JS) |
| v. | **MEMORANDUM OPINION & ORDER** |
| STOCKTON UNIVERSITY, et al., | |
| Defendants. | |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff D.D. ("Plaintiff") brings this action against Defendants Stockton University, the Stockton University Board of Trustees, Pi Kappa Phi Fraternity, Inc. ("PKP"), Katie Colandrea, Michael Colandrea, Sherie Reid-Colandrea, and Yin Ben Tomm and Amy Tomm[1] (the "Tomm Defendants"), in relation to a series of alleged sexual assaults during Plaintiff's time as a student at Stockton University.[2]

On July 26, 2019, this Court issued an Opinion and Order which dismissed Plaintiff's claims against all parties, other than the Tomm Defendants (who had not filed a motion to dismiss).

---

[1] Counsel for Yin Ben Tomm has informed the Court that Amy Tomm is deceased. See Dkt. No. 71.

[2] The factual background of Plaintiff's claims is described in full in this Court's Opinion, dated July 26, 2019. See Dkt. No. 66, at 4-8.

See Dkt. Nos. 66, 67. As previously noted by this Court, the Tomm Defendants, who allegedly owned the house rented to the local PKP chapter, are listed in the case caption and the "parties" section of the Complaint, but are not named in any of the Complaint's thirty-five counts. Therefore, the Court ordered Plaintiff to show cause, clarifying whether any claims existed against the Tomm Defendants. Now, this Court considers, sua sponte, whether the Tomm Defendants should be dismissed from the case.

To state a claim under Federal Rule of Civil Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

In response to the Court's Order to Show Cause, Plaintiff submitted a letter, on August 6, 2019, arguing that the Court should not dismiss the Tomm Defendants because: (1) "they *may have* an applicable insurance policy" and "Plaintiff D.D. *may have* claims related to the property, where she was assaulted, which *may be* covered by the insurance policy held by the Tomm Defendants"; and (2) "*there exists the possibility* that discovery reveals the Tomm Defendants knew or should have known about the criminal activities occurring on their property and had a duty to protect Plaintiff D.D. from the foreseeable harm of those related crimes." See Dkt. No. 70 (emphasis added).

Upon review, this Court finds that Plaintiff's Complaint fails to state any claim against the Tomm Defendants. Notably, neither Plaintiff's Complaint nor the letter in response to the Order to Show Cause alleges, as fact, that the Tomm Defendants have an applicable insurance policy, that they knew about PKP's activities, or that they owed a duty to Plaintiff. Indeed, all potential claims outlined in Plaintiff's letter are entirely speculative. Furthermore, the reasoning set forth in Plaintiff's letter is conspicuously absent from the Complaint itself, which cannot be amended through clarifications provided outside the pleadings. To the extent Plaintiff attempts to state a claim against the Tomm Defendants in an amended complaint, such claims must be based on factual allegations, asserted in good faith, as opposed to speculation.

**ACCORDINGLY**, it is on this **9th** day of **August 2019**, hereby

**ORDERED** that all claims against Defendants Amy Tomm and Yin Ben Tomm are **DISMISSED**, without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case, subject to reopening upon the timely filing of an amended complaint.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
